White, J.
The appointment of the receiver, and the sale of the property of the railway company, have no bearing on the question before us. These facts did not work a dissolution of the corporation, and while the corporation continued it was competent for the stockholders to elect directors.
The only other question for determination is, whether the election held by the directors or that held by the stockholders is the valid one.
The statute on the subject is as follows: “ Unless the regulations of the corporation otherwise provide, an annual election for trustees or directors shall be held on the first Monday in January of each year; if the trustees or directors are, for any cause, not- elected at the annual meeting, or other meeting called for that purpose, they may be chosen at a members’ or stockholders’ meeting, at which all the members or stockholders are present in person or by proxies, or at a meeting called by the trustees or directors, or any two members or stockholders, notice of which has been given, in writing, to each stockholder, or by publication in some newspaper printed in the county where the corporation is situate, or has its principal office, for ten days ; and trustees and directors shall continue in office until their successors are elected and qualified.” Rev. Stat. § 3246.
There were no regulations of the corporation governing the election of directors. The claim of the attorney-general is, that at the meeting of the stockholders for the election of directors, the right of choosing the inspectors or judges of the election was vested in the stockholders ; while the defendants *254 claim that the right was vested in the directors. We think the position of the attorney-general is correct; and that the directors, in assuming that function against the will of the stockholders present, mistook their duty and exercised a function not warranted by law. The election, therefore, which they undertook to hold is invalid. The election held under the authority of the stockholders was legal; and the persons declared elected at the. election last named, having been duly qualified, were entitled, under the statute, to hold the office until their successors were elected and qualified. The pleadings show no subsequent election.
Judgment of ouster rendered against the defendants; and the persons chosen as directors at the election last mentioned adjudged entitled to the office under such election.